IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| DERRICK VINCENT REDD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:97cr6 (JCC) |
| UNITED STATES, | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Derrick Vincent Redd's ("Petitioner") Motion to Alter or Amend Judgment, [Dkt. 236], and corresponding Motion Requesting Grand Jury Transcripts, [Dkt. 246]. For the following reasons, the Court will deny Petitioner's motions.

## I. Background

On September 4, 1997, a federal jury found Petitioner guilty of armed robbery and several related charges stemming from his involvement in a series of bank robberies throughout Virginia. *See United States v. Redd*, 161 F.3d 793, 794 (4th Cir. 1998). This Court sentenced Petitioner to a total of 603 months imprisonment. *Id.* at 795. The Fourth Circuit denied Petitioner's appeal on December 7, 1998. *Id.*

Shortly after his direct appeal, Petitioner began re-litigating his case before this Court. Between 2000 and 2012, Petitioner docketed numerous motions contesting his conviction,

1

including a writ of mandamus and at least three habeas actions. [Dkts. 85, 115, 204, 219.] This Court addressed and rejected all of his motions for post-conviction relief. [Dkts. 97, 116, 210, 228.]

Presently before the Court is Petitioner's latest attack on his conviction. In his filing titled "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure Rule 59(e)," Petitioner asks the Court to vacate his conviction because the jury did not find all of the necessary elements beyond a reasonable doubt. (Mot. to Alter at 2-3.) Petitioner further alleges that the undersigned "render[ed] the trial proceedings fundamentally unfair" by making prejudicial comments. (*Id.* at 4.) Also sprinkled amongst the allegations are claims of ineffective assistance, prosecutorial misconduct, defective grand jury proceedings, and a flawed indictment. (*Id.* at 5-7.)

Petitioner has separately moved for a copy of the grand jury transcripts. (Mot. for Grand Jury Trs. at 1.) Petitioner claims that the grand jury testimony of FBI agent Christopher Lawlor is necessary "because it is believed to be contrary to other testimony and statements by this agent." (*Id.* at 1.) Petitioner's motions are addressed in turn below.

## II. Analysis

A. <u>Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e)</u>

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a final civil judgment, but requires that any such motion be filed not later than 28 days after entry. Fed. R. Civ. P. 59(e). An untimely Rule 59 motion is typically construed as a motion pursuant to Rule 60. *See Copley v. United States,* No. 96-7070, 1997 WL 23991, at *1 (4th Cir. Jan. 23, 1997) (noting that an untimely motion under Rule 59 "should be construed" as a Rule 60 motion). Rule 60 allows a party to seek relief from a final judgment on a limited number of grounds, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(5).

Although Petitioner captioned his motion under Rule 59(e), it is apparent that neither provision mentioned above is applicable in this case. Petitioner makes clear that he is seeking relief from the criminal judgment against him. (Mot. to Alter at 2-7.) Such an attack on a federal criminal judgment, regardless of its label, is properly construed as a motion pursuant to 28 U.S.C. § 2255. *See Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (explaining that the proper vehicle for a

person convicted in federal court to challenge the validity of his judgment and sentence is a § 2255 motion). Accordingly, the Court will construe this submission as § 2255 petition.

Under 28 U.S.C. § 2255(h), a prisoner must make a threshold showing in order to file a second or successive federal habeas petition. A second or successive petition must first be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). It is well-settled that a defendant may not use Rule 59 to evade the successive petition bar contained in § 2255(h). *See, e.g., United States v. Washington*, Cr. No. 8:05-399-HMH, 2007 WL 712209, at *2 (D.S.C. Mar. 6, 2007).

Because Petitioner has already filed several habeas actions with this Court, his current motion is a successive filing subject to these certification requirements. "[S]econd petitions challenging the same conviction and sentence . . . are deemed to be successive and require authorization from the court of appeals in order to be filed." *Smith v. United States,* Nos. 5:01-CR-180-1BO, 5:12-CV-91-BO, 2012 WL 6481228, at *1 (E.D.N.C. Dec. 13, 2012) (citations omitted); *see also United States v. Woods,* Nos. 7:09cr00043, 7:09cr00064, 2013 WL 1352370, at *1

(W.D. Va. Apr. 3, 2013) ("[A] motion bringing new evidence or presenting a change in substantive law as a 'reason justifying relief' [must be] . . . construed and dismissed as a successive § 2255 motion." (citation omitted)).  Since Petitioner has not submitted any evidence of having obtained the requisite certification from the Fourth Circuit, his current motion must be dismissed for lack of jurisdiction.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

B. <u>Motion for Transcripts</u>

Petitioner has also filed a motion requesting copies of the grand jury transcripts in this matter, with the stated intent of ferreting out inconsistencies between those materials and the subsequent trial testimony.  (Mot. for Grand Jury Trs. at 1.)

Disclosure of what transpires before the grand jury is generally prohibited, with certain exceptions delineated in Rule 6 of the Federal Rules of Criminal Procedure.  *See In re Grand Jury Proceedings*, *GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298 (4th Cir. 1986).  The general framework for determining whether to permit disclosure is relatively simple.  The party seeking discovery must make "a strong showing of particularized need for grand jury material[.]"  *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983).  That is, the moving party must prove that without access to the grand jury materials, "a defense would be

greatly prejudiced" or "an injustice would be done." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958). Once a "particularized need" is demonstrated, the movant must show that the necessity for disclosure outweighs the need for continued secrecy, and that the request is structured to cover only the essential material. *In re Grand Jury Proceedings,* 800 F.2d at 1298. Additionally, federal inmates are not entitled to transcripts at the government's expense without this showing. *United States v. MacCollom,* 426 U.S. 317, 326-27, (1976); *United States v. Hamlett,* 128 F. App'x 320, 321 (4th Cir. 2005). "An indigent is not entitled to free copies 'merely to comb the record in the hope of discovering some flaw.'" *Hamlett*, 128 F. App'x at 321 (citation omitted).

Petitioner has not demonstrated the requisite "particularized need." To the extent Petitioner seeks these transcripts in support of the aforementioned motion, his request must be denied because this motion cannot proceed. Moreover, since § 2255(h) impedes Petitioner from filing any additional collateral attacks on the verdict without express consent from the Fourth Circuit, which Petitioner has not attained, these records are similarly unneeded for any subsequent motion. *See United States v. Boakye*, No. 1:11cr455 (JCC), 2013 WL 695590, at *2-3 (E.D. Va. Feb. 25, 2013). Given the grand jury testimony is irrelevant to any issue now before the Court, and Petitioner

6

is precluded from filing any additional claims against the conviction, his request falls flat.

### III. Conclusion

For the foregoing reasons, Petitioner's outstanding motions will be denied. An appropriate Order shall issue.

|  | /s/ |
|---|---|
| November 26, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |